UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| M. DAVID WERTHEIMER,<br><br>    Plaintiff,<br>v.<br><br>RANDY GROUNDS, *et al.,*<br><br>    Defendant(s).<br>_____/ | No. C 14-00502 LB (PR)<br><br>**NOTICE: LATE OPPOSITION TO MOTION TO DISMISS --- EXTENDING DEADLINE --- RESOURCES FOR *PRO SE* LITIGANTS** |

### I. NOTICE TO PLAINTIFF
### M. DAVID WERTHEIMER

The Court hereby notifies you that your opposition to the defendants' motion to dismiss your case was due on October 10, 2014. The defendants' motion (ECF No. 25) was filed on September 26, 2014. Under Civil Local Rule 7-3(a), you had 14 days to file your opposition to that motion. The Court has not received your opposition. A hearing on the defendants' motion to dismiss your case is currently set for Thursday, November 6, 2014.

The court gives the plaintiff until **Friday, November 14, 2014** to file any opposition. The plaintiff must file a copy by that date, and the Court would appreciate an emailed copy that same day sent to lbpo@cand.uscourts.gov. The Court warns the plaintiff that failure to file an opposition may result in your case being dismissed.

The hearing currently set for November 6, 2014 is canceled; a new hearing is set for **Thursday, December 11, 2014** before the Honorable Laurel Beeler, in Courtoom C, 15th Floor, 450 Golden

NOTICE
C 14-00502 LB (PR)

1  Gate Avenue, San Francisco, California 94102.

## II. RESOURCES AVAILABLE TO YOU

Because you are representing yourself in this case, the Court issues this notice to you about legal resources available to you and the legal standard that applies to summary judgment motions.

First, the Civil Local Rules can be accessed at http://www.cand.uscourts.gov/localrules/civil.

Second, the Court attaches a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.

Third, you may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. A copy of the Legal Help Center's flyer is attached.

## III. SUMMARY JUDGMENT

The following is a notice that this Court gives to litigants representing themselves when the other files a motion for summary judgment. Because your case has just been filed, no motion has been filed yet, but this notice will explain to you the process if a motion is filed.

If the other party in this case files a motion for summary judgment, that motion -- if granted -- will result in the dismissal of your case. Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. What that means is that if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which ends your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony),[1] you cannot just rely on what your complaint says. Instead, you must set out

---

[1] A declaration is a statement of facts. The person making the declaration must know those facts personally, and they must be facts that can be admitted into evidence. That means that they

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, the Court might -- if it is appropriate -- enter summary judgment against you and in favor of the other party.

If the Court grants summary judgment in favor of the other party, your case will be dismissed, and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  You should read Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (which discusses how the party who opposes summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  If you do not file your opposition, the Court still will consider whether summary judgment is appropriate under Rule 56, but your failure may be construed as consent by you to this Court's granting the other party's motion for summary judgment.  That in turn will result in the dismissal of your case before trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

Dated: November 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

must be facts as opposed to conclusions, argument, opinion, or hearsay.  A declaration must be made under penalty of perjury, which means that the person making the declaration must sign it and date the declaration after the following statement:  "I declare under penalty of perjury that the foregoing is true and correct.  Dated _____.  Signed _____." "