UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| M. DAVID WERTHEIMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RANDY GROUNDS, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 14-00502 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[ECF Nos. 25, 34] |

## INTRODUCTION

On November 18, 2013, Plaintiff M. David Wertheimer, who is proceeding *pro se*, filed suit in the Central District of California, alleging that prison officers and officials violated his constitutional rights while he was incarcerated. (Complaint, ECF No. 3.)[1] Thereafter, the case was transferred to the Northern District of California. (Order Transferring Action, ECF No. 7.) Mr. Wertheimer alleges violations of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc, *et seq*. As discussed below, the court grants Defendants' motions and dismisses without prejudice Mr. Wertheimer's § 1983 and RLUIPA claims.

//

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

C 14-00502 LB
ORDER

**STATEMENT**

**I. MR. WERTHEIMER'S ALLEGATIONS**

Mr. Wertheimer, an Orthodox Jew, served four years as an inmate at "Delano State Prison" (technically Kern Valley State Prison) before being transferred to "Soledad State Prison" (technically the Correctional Training Facility) with approximately a year left to serve. (Complaint, ECF No. 3 at 4-6.) Soledad is located in the Northern District of California. After arriving at Soledad, he was periodically informed that his beard, which he kept uncut for religious reasons, exceeded regulation length limitations. (*Id.*) On or about May 2, 2011, he was cited by a corrections officer for refusing to trim his beard. (*Id.* at 5.) At an administrative hearing, he was found guilty of refusing to obey an order. (*Id.* at 5-6.) Mr. Wertheimer alleges that he was thereafter confined to a 6' x 6' cell for 30 days. (*Id.* at 6.) He then was placed in a cell on the third floor, which Mr. Wertheimer alleges was intended as punishment, given that such placement was barred by his diabetic condition. (*Id.*) He was released from prison, at the latest, on November 15, 2011. (Joint Case Management Statement, ECF No. 44 at 2.)

**II. PROCEDURAL HISTORY**

Mr. Wertheimer initially filed this action in on November 18, 2013, in the Central District of California and it was transferred to this court on January 24, 2014. (Complaint, ECF No. 3; Order Transferring Action, ECF No. 7.) After the deadline for serving Defendants passed, the court found good cause and granted Mr. Wertheimer an extension. (Order, ECF No. 19.)

On September 26, 2014, Defendants B. Greer, R. Castro, W. Wilson, J. Mariscal, and C. Freeman filed a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Motion to Dismiss, ECF No. 25.) Defendant R. Grounds thereafter filed the same motion on his own behalf. (Motion to Dismiss, ECF No. 34.) Mr. Wertheimer did not file his oppositions by their due date. But on December 1, 2014, he filed a motion to suspend the proceedings until he was released from the Los Angeles County Jail, which he believed would be around January 20, 2015. (Motion to Suspend Proceedings, ECF No. 38 at 1.) He also explained that his computer had crashed and he did not have access to his files. (*Id.*) He asked for an extension to file his oppositions until March 2015. (*Id.* at 2.) The court granted the motion for an extension, allowed Mr. Wertheimer to

1  file his opposition no later than March 3, 2015, and ordered the filing of Defendants' optional reply
2  no later than one week after Mr. Wertheimer filed his opposition. (Order Resetting Hearing and
3  Briefing Schedule, ECF No. 39 at 1.) Mr. Wertheimer again did not file his oppositions by their due
4  date.

    Thereafter, he filed a motion seeking another extension of the deadline for his opposition.
(Motion for Extension of Time to File, ECF No. 40.) The court granted the motion and informed Mr.
Wertheimer that it was the final extension he would receive and that failure to submit his
oppositions in time might result in dismissal of his claims without prejudice for failure to prosecute.
(Order, ECF No. 41.) Mr. Wertheimer filed an opposition two days after the extended deadline, but
he addressed only one of Defendants' several arguments in support of dismissal. (Motion for More
Definite Statement, ECF No. 46.) He then moved for leave to file his opposition to Defendants'
other arguments. (Motion for Leave to File, ECF No. 48.) The court granted this motion, ordered
Mr. Wertheimer to file his additional opposition within four days, and set a deadline for Defendants
to file an option response. (Order, ECF No. 49.) Mr. Wertheimer did not file this supplemental
opposition until four days after the deadline. (Response, ECF No. 51.) On the same day, Mr.
Wertheimer also filed a motion seeking another extension to complete his opposition. (Response,
ECF No. 51.)

## ANALYSIS

**I. LEGAL STANDARD**

    A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## II. APPLICATION

In their motions to dismiss, Defendants argue that: (1) Mr. Wertheimer's § 1983 claim is barred by the relevant statute of limitations; (2) the RLUIPA does not allow for an award of damages as a matter of law; (3) Mr. Wertheimer's complaint did not state a claim upon which relief can be granted, and (4) Mr. Wertheimer's complaint did not state facts sufficient to support a claim for punitive or exemplary damages against Defendants. Because, as discussed below, the court agrees with Defendants' first two arguments, it does not address the third or fourth.

### A. Mr. Wertheimer's § 1983 Claim is Barred by the Statute of Limitations

California law determines the statute of limitations for federal civil-rights suits arising in California. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Ninth Circuit has explained that courts should use the state statute of limitations for personal-injury actions as the applicable limitations period for constitutional claims. *McDougal v. County of Imperial*, 942 F.2d 668, 672-74 (9th Cir. 1991); *see also Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). California's statute of limitations for personal-injury claims is two years, and consequently a two-year limitations period applies to Mr. Wertheimer's § 1983 claims. Cal. Code Civ. Proc. § 335.1.

Mr. Wertheimer argues that he is a "layman to the law" and that "as a non-professional in [t]he law he cannot beheld to the same standards as that of Attorneys-at law." (Motion for a More Definite Statement, ECF No. 46 at 2-3.) Thus, he appears to ask the court to not apply the statute of

limitations to his claim given his *pro se* status. Mr. Wertheimer cites three cases in support of this proposition. One is *Conley v. Gibson*, 355 U.S. 41 (1957). Its relevance here is not immediately apparent. Regardless, however, *Conley* was abrogated by *Twombly*, 550 U.S. 544, and it does not provide any support for Mr. Wertheimer's argument. The other two cases are *Haines v. Kerner*, 404 U.S. 519, 519, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972) and *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 698 (9th Cir. 1988). Both involve the adequacy of *pro se* complaints/appellate briefs, and *Balistreri* specifically recognizes that "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved." 901 F.2d at 699. It is undoubtedly common for courts to construe *pro se* pleadings liberally; indeed, the Supreme Court has instructed lower courts to do so. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (pro se prisoner complaint held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Christensen v. C.I.R.*, 786 F.2d 1382, 1384–85 (9th Cir.1986); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc); *Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir.1984); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). Mr. Wertheimer is therefore correct that his pleadings should be liberally construed.

This doctrine, however, relates to the *contents* of *pro se* pleadings, not their timing. The rule apparently proposed by Mr. Wertheimer, that *pro se* litigants not be held to the standard statute of limitations, is contrary to case law dismissing *pro se* complaints where they are barred by a statute of limitations. *See Muhammad v. Rubia*, No. C 08-3209 JSW (PR), 2009 WL 1392100 (N.D. Cal. May 14, 2009); *Avery v. Tri-Cnty. Extradition, Inc.*, No. C 98-1946 CAL(PR), 1999 WL 183604 (N.D. Cal. Mar. 25, 1999); *Salas v. Eninger*, No. C 95-3286, 1997 WL 588929 (N.D. Cal. Sept. 8, 1997). Thus, neither Mr. Wertheimer's *pro se* status nor any liberal construction of his complaint makes the statute of limitations inapplicable here. While the court can accommodate Mr. Wertheimer regarding discretionary scheduling matters, it cannot refuse to apply the statute of limitations.[2]

---

[2] Mr. Wertheimer reiterates this argument in his supplemental opposition. (Response, ECF No. 50 at 1-4.) While this supplemental opposition was untimely and followed what the court had

Nevertheless, the court will dismiss the claim without prejudice to allow Mr. Wertheimer to allege tolling if he can. California law dictates whether tolling is available for federal civil-rights claims. *Hardin v. Straub*, 490 U.S. 536, 539 (1989). Inmates sentenced "for a term less than life" are provided up to two years of statutory tolling for damages claims that arose during the inmate's incarceration. Cal. Code Civ. Proc. § 352.1(a), (c). This statutory tolling ends once the inmate is released from prison. *Corondao v. Gilbertson*, No. C 01-3602 TEH (PR), 2002 WL 1483843, at *1 (N.D. Cal. July 5, 2002); *Mohammed v. Wilson*, No. C-96-3319 EFL, 1996 WL 570501, at *3 (N.D. Cal. Sept. 27, 1996). Because Mr. Wertheimer was incarcerated, he was entitled to statutory tolling, so the two-year limitations period did not begin to run until the date he was released from prison, which was November 15, 2011 at the latest. (Complaint, ECF No. 3 at 2.) Mr. Wertheimer thus had until November 15, 2013, to file his § 1983 claims, but he did not lodge his complaint until November 18, 2013. (*See* ECF first entry (no docket number assigned).) This statutory tolling is thus unavailing for Mr. Wertheimer.

California also allows for equitable tolling. *See Tarantino v. City of Concord*, No. C-12-00579 JCS, 2013 WL 3722476 (N.D. Cal. July 12, 2013)*; Stone v. City & Cnty. of San Francisco*, 735 F. Supp. 340, 343 (N.D. Cal. 1990). Though not using the term "equitable tolling," Mr. Wertheimer essentially argues for it when he asserts that any failure to comply with the statute of limitations should be excused because his efforts to file his claims were "deliberately interrupted" by two arrests for parole violations and the corresponding confiscation of his computers. (Complaint, ECF No. 3 at 3.) Defendants respond by arguing that California law only recognizes four forms of equitable tolling, and none apply here. (Motion to Dismiss, ECF No. 34 at 14.) Mr. Wertheimer's argument is most comparable to the doctrine of fraudulent concealment, under which "the defendant's fraud in concealing a cause of action against him tolls the applicable statute of

---

described as a "final extension to file his opposition," the court in its discretion has read and considered it. In it, Mr. Wertheimer again only supports this argument with cases relating to the contents of *pro se* pleadings rather than identifying any cases in which the statute of limitations has not been applied to a *pro se* litigant. Therefore, his untimely arguments do no affect the court's analysis set forth above. Additionally, given the multiple extensions Mr. Wertheimer has been granted, the legal standards, and the dismissal without prejudice, the court denies his most recent motion for an additional extension. (Response, ECF No. 51.)

1  limitations." *Sanchez v. S. Hoover Hosp.*, 18 Cal. 3d 93, 99, 553 P.2d 1129 (1976). This tolling,
2  however, lasts "only for that period during which the claim is undiscovered by plaintiff or until such
3  time as plaintiff, by the exercise of reasonable diligence, should have discovered it." *Id.* Mr.
4  Wertheimer asserts only that this conduct interfered with his ability to compose and file his
5  complaint within the statute of limitations. It thus appears as though Mr. Wertheimer's allegations
6  do not support equitable tolling due to fraudulent concealment.

7  That being said, now that this order advises Mr. Wertheimer of the standards for tolling, the
8  court dismisses Mr. Wertheimer's § 1983 claim without prejudice so that Mr. Wertheimer may
9  reassert it if he can allege facts that support fraudulent concealment or some other form of equitable
10  tolling.

11  **B. Mr. Wertheimer Cannot Obtain Damages Under RLUIPA**

12  Under the Eleventh Amendment, an individual may not sue a state "unless Congress has
13  abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a state
14  has waived it." *Holley v. California Dep't Of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010). For an
15  individual "[t]o sustain a claim that the Government is liable for awards of monetary damages, the
16  waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*,
17  518 U.S. 187, 192, 116 S. Ct. 2092, 2096-97, 135 L. Ed. 2d 486 (1996). For the purposes of
18  sovereign immunity, a suit against state officials in their official capacities, like Mr. Wertheimer's
19  suit here, is treated as a suit against the state itself. *Id.* Since Congress' Fourteenth Amendment
20  enforcement power is not at issue here, Mr. Wertheimer's suit for damages against state officials can
21  only move forward if California has waived its sovereign immunity in this context.

22  RLUIPA was passed under Congress' spending and commerce powers. *Wood v. Yordy*, 753 F.3d
23  899, 902 (9th Cir. 2014). While Congress may attach conditions, such as a waiver of sovereign
24  immunity, to the receipt of federal funds, such conditions "must be clearly stated . . . [because]
25  [o]therwise, states cannot be said to have knowingly accepted them." *Id.* at 903. No such clear
26  language exists in RLUIPA. The Ninth Circuit has explained that RLUIPA "does not unambiguously
27  encompass monetary damages so as to effect a waiver of sovereign immunity." *Holley*, 599 F.3d at
28  1112. Mr. Wertheimer thus cannot sue state officials (in their official capacities) for damages under

RLUIPA. *See Haynes v. Hedgpeth*, No. 12-CV-00363-JST (PR), 2015 WL 1138411, (N.D. Cal. Mar. 12, 2015) ("Under the principle of Eleventh Amendment sovereign immunity, money damages under RLIUPA are not available against a state or state employees acting in their official capacity"); *Rice v. Curry*, No. C 09-1496 LHK PR, 2012 WL 4902829, (N.D. Cal. Oct. 12, 2012) ("Plaintiff is not entitled to recover monetary damages against Defendants sued in their official capacities under RLUIPA").

Additionally, the Ninth Circuit has explained that RLUIPA does not authorize monetary damages against prison officials in their individual capacity. *See Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014). This is because "legislation enacted pursuant to the Spending Clause cannot subject state officers to individual suits, because the individual officers are not the recipients of any federal funds." *Id.* at 903. For Congress's disbursement of funds to subject people to lawsuits as individuals "would reach beyond the scope of Congress's constitutional authority." *Id.*[3]

Defendants assert that Mr. Wertheimer's RLUIPA claim must be dismissed with prejudice because Mr. Wertheimer now "lacks standing to obtain injunctive or declaratory relief since he is no longer incarcerated." (Motion to Dismiss, ECF No. 25 at 8.) That appears correct. That being said, given the standards for dismissal, the court dismisses without prejudice the RLUIPA claim to the extent Mr. Wertheimer seeks injunctive or declaratory relief so that Mr. Wertheimer may reassert it if he in fact has standing to do so.

**CONCLUSION**

Based on the foregoing, the court grants Defendants' motions and dismisses Mr. Wertheimer's § 1983 and RLUIPA claims without prejudice. Mr. Wertheimer may file a first amended complaint by May 13, 2015.

This disposes of ECF Nos. 25 and 34.

---

[3] Mr. Wertheimer argues in his supplemental opposition that the unavailability of damages under RLUIPA is "a standard that is now ripe for a change." (Response, ECF No. 51 at 7.) He does not, however, provide any support for this proposition. While he states that he needs additional time to develop this argument, the court has, for the reasons discussed above, denied his most recent request for an extension. As currently described in his supplemental opposition, this argument is not meritorious.

**IT IS SO ORDERED.**

Dated: April 22, 2015

_____
LAUREL BEELER
United States Magistrate Judge