UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| M. DAVID WERTHEIMER,<br><br>       Plaintiff,<br><br>   v.<br><br>RANDY GROUNDS, et al.,<br><br>       Defendants.<br>_____/ | No. 14-cv-00502-LB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>[ECF Nos. 64, 72] |

**INTRODUCTION**

On November 18, 2013, the plaintiff M. David Wertheimer, who is representing himself, filed suit in the Central District of California, alleging that prison officers and officials violated his rights while he was incarcerated in violation of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*. (Complaint, ECF No. 3.)[1] Thereafter, the case was transferred to the Northern District of California. (Order Transferring Action, ECF No. 7.) The court dismissed his complaint without prejudice on the grounds that the section 1983 claim appeared time-barred and the RLUIPA claim improperly sought damages; Mr. Wertheimer then filed a first amended complaint. (*See* 4/22/15 Order, ECF No. 54; First Amended Complaint ("FAC"), ECF No. 61.) In his amended complaint, Mr. Wertheimer

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

No. 14-cv-00502 -LB
ORDER

alleges violation of RLUIPA, section 1983, and conspiracy to violate his civil rights in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (possibly intended as a conspiracy claim in violation of 42 USC § 1985(3)). The court finds the motion suitable for determination without oral argument under Civil Local Rule 7-1(b). The court grants the defendants' motion and dismisses Mr. Wertheimer's complaint with prejudice.

## STATEMENT

### I. THE COMPLAINT

Mr. Wertheimer, an Orthodox Jew, served four years as an inmate at "Delano State Prison" (technically Kern Valley State Prison) before being transferred to "Soledad State Prison" (technically the Correctional Training Facility) with approximately one year left to serve. (FAC, ECF No. 61 at 6.) Soledad is located in the Northern District of California. A few months after arriving at Soledad, Mr. Wertheimer was first informed that his beard, which he kept uncut for religious reasons, exceeded regulation length limitations. (*Id.* at 6.) On or about April 18, 2011, a corrections officer told Mr. Wertheimer that he had to cut his beard and issued him a warning. (*Id.* at 7.) On or about May 2, 2011, a corrections officer issued Mr. Wertheimer an administrative violation report for refusal to obey a direct order. (*Id.*)

The complaint has seven claims: (1) a RLUIPA claim against Warden Randy Grounds based on his punishment; (2) a RLUIPA claim against Associate Warden W. Wilson; (3) a RLUIPA claim against Lieutenant C.A. Freeman; (4) a RLUIPA claim against Sergeant B. Greer; (5) a RLUIPA claim against Correctional Officer J. Mariscal; (6) a RLUIPA claim against Correctional Officer C. R. Castro; and (7) a conspiracy claim against all defendants based on their alleged violation of his civil rights in violation of RICO (again, possibly intended as a conspiracy claim under 42 U.S.C. § 1985(3)). (*Id.* at 8-14.) Mr. Wertheimer alleges that he was released from prison on November 13, 2011. (*Id.* at 5.)

Mr. Wertheimer demands damages of $10,000 a day for each day that he was "deprived of his freedom." (*Id.* at 15-17.)

### II. PROCEDURAL HISTORY

Mr. Wertheimer lodged his complaint (dated November 15, 2013) in the Central District of

1  California on November 18, 2013. (*See* docket.) The court there granted his request to proceed in
2  forma pauperis, filed the complaint on December 2, 2013, and ultimately transferred the case here.
3  (*See* docket; Order Granting Request to Proceed in Forma Pauperis, ECF No. 2; Complaint, ECF
4  No. 3; Order Transferring Action, ECF No. 7.)

5  Following the defendants' motion to dismiss, on April 22, 2015, the court dismissed the action
6  without prejudice on the grounds that (1) the statute of limitations barred the section 1983 claim
7  because it was filed more than two years after Mr. Wertheimer's release from prison, and (2) the
8  RLUIPA claim sought damages, which are not available under RLUIPA. (4/22/15 Order, ECF No.
9  54 at 3-4.) The court dismissed the case without prejudice to allow Mr. Wertheimer to allege facts
10 supporting equitable tolling or standing to bring a RLUIPA claim for injunctive relief. (*Id*.)

11 Mr. Wertheimer filed his first amended complaint on June 22, 2015. (FAC, ECF No. 61.)
12 Following the court's order approving the parties' stipulated briefing schedule, the defendants
13 moved to dismiss the FAC. (Order Granting Stipulation, ECF No. 63; Motion to Dismiss, ECF No.
14 64.) Mr. Wertheimer's opposition was due on August 4, 2015. (Clerk's Notice, ECF No. 65.) Mr.
15 Wertheimer is a registered e-filer in the ECF system and had notice of all docket entries. (*See* Order,
16 ECF No. 19.) On August 4, 2015, Mr. Wertheimer moved for an extension of time to file his
17 response. (Motion, ECF No. 67.) On August 6, 2015, the court gave Mr. Wertheimer until
18 September 3, 2015 to file his response. (Order, ECF No. 69.) Mr. Wertheimer did not file a response
19 by September 3. (*See* 9/10/15 Notice of Plaintiff's Non-Opposition, ECF No. 70.) On September 21,
20 2015, Mr. Wertheimer filed his opposition (styled as "objections") to the defendants' motion to
21 dismiss and a motion for late filing of those objections. (Objections, ECF No. 71; Motion for Late
22 Filing, ECF No. 72.) The defendants thereafter filed a reply. (Reply, ECF No. 74.)

23                                              **ANALYSIS**

24 **I. LEGAL STANDARD**

25 A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does
26 not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic*
27 *Corp.*
28 *v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations must be enough to raise a right to relief

No. 14-cv-00502 -LB
ORDER                                              3

above the speculative level. *Id.* at 555 (citations and parentheticals omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## II. APPLICATION

The defendants raise four grounds to dismiss: (1) Mr. Wertheimer's § 1983 claim is barred by the relevant statute of limitations; (2) the RLUIPA does not allow for an award of damages as a matter of law; (3) Mr. Wertheimer's complaint does not state a claim upon which relief can be granted, and (4) Mr. Wertheimer's complaint does not state facts sufficient to support a claim for punitive or exemplary damages against the defendants. (Motion, ECF No. 64.) The court grants the motion on grounds one through three and does not reach ground four.

### A. Mr. Wertheimer's § 1983 Claim is Barred by the Statute of Limitations

California law determines the statute of limitations for federal civil-rights suits arising in California. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Ninth Circuit has explained that courts should use the state statute of limitations for personal-injury actions as the applicable limitations period for constitutional claims. *McDougal v. County of Imperial*, 942 F.2d 668, 672-74 (9th Cir. 1991); *see also Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). California's statute of limitations for personal-injury claims is two years, and consequently a two-year limitations period applies to Mr. Wertheimer's § 1983 claims. Cal. Code Civ. Proc. § 335.1.

1    Mr. Wertheimer contends that he was released from prison on November 13, 2011. (FAC, ECF
2 No. 61 at 5.) Mr. Wertheimer had until November 13, 2013, to timely file his § 1983 claims. Inmates
3 sentenced "for a term less than life" are provided up to two years of statutory tolling for damages
4 claims that arose during the inmate's incarceration. Cal. Code Civ. Proc. § 352.1(a), (c). This
5 statutory tolling ends once the inmate is released from prison. *Corondao v. Gilbertson*, No. C
6 01-3602 TEH (PR), 2002 WL 1483843, at *1 (N.D. Cal. July 5, 2002); *Mohammed v. Wilson*, No.
7 C-96-3319 EFL, 1996 WL 570501, at *3 (N.D. Cal. Sept. 27, 1996). Because Mr. Wertheimer was
8 incarcerated, he was entitled to statutory tolling, so the two-year limitations period did not begin to
9 run until the date he was released from prison. Applying statutory tolling, Mr. Wertheimer's
10 complaint is not timely.

11   The court previously gave Mr.Wertheimer an opportunity to allege any facts supporting
12 equitable tolling. (4/22/15 Order, ECF No. 54 at 6-7.) He has not alleged equitable tolling.

13   Mr. Wertheimer first asserts that he mailed in his complaint and also hand-delivered a copy to
14 the court clerk's office but the court clerk's office did not file the complaint until after the deadline.
15 (FAC, ECF No. 61 at 5-6; Objections, ECF No. No. 71 at 3-4.) This contention is not plausible: Mr.
16 Wertheimer signed and dated his complaint on November 15, 2013, past the November 13, 2013
17 two-year deadline. (Compl., ECF No. 3 at 9, 12.) Mr. Wertheimer did not "lodge" his complaint
18 with the court until November 18, 2013, again, past the two-year deadline. (*See* docket.)

19   Mr. Wertheimer next reasserts the argument that as a *pro se* plaintiff, he should not be held to the
20 statute of limitations. (Objections, ECF No. 71 at 1-4). The court previously rejected that argument.
21 (4/22/15 Order, ECF No. 54 at 5.)

22   **B. Mr. Wertheimer Cannot Obtain Damages Under RLUIPA**

23   Mr. Wertheimer cannot sue state officials in their official capacities, or prison officials in their
24 individual capacity for monetary damages under RLUIPA. (*See* 4/22/15 Order, ECF No. 54 at 7-8.)
25 The court granted Mr. Wertheimer leave to amend to allege standing to seek injunctive or
26 declaratory relief. (*Id*. at 8.)

27   In his amended complaint, he seeks only damages. (FAC, ECF No. 61 at 15-17.) The court
28 dismisses the RLUIPA claims with prejudice. *See id.; Haynes v. Hedgpeth*, No. 12-cv-00363-JST

(PR), 2015 WL 113841 (N.D. Cal. Mar. 12, 2015); *Wood v. Yordy*, 753 F.3d 889 (9th Cir. 2014).

### C. Mr. Wertheimer Has not Stated a Conspiracy Claim

Mr. Wertheimer claims the defendants conspired to violate his civil rights.

42 U.S.C. § 1985(3) provides a civil remedy for conspiracies to deprive a person or class of persons of equal protection of the laws or of equal privileges and immunities. *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States ." *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983).

The civil rights claim is time-barred. Moreover, Mr. Wertheimer alleges no facts regarding the existence of an alleged conspiracy. *See Twombly*, 550 U.S. at 564; *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (a claim for violation of §1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy.)

### CONCLUSION

The court grants the plaintiff's motion for late filing and grants the defendants' motion to dismiss the first amended complaint with prejudice. This disposes of ECF Nos. 64 and 72. The clerk of the court is directed to close the file.

**IT IS SO ORDERED.**

Dated: September 30, 2015

_____
LAUREL BEELER
United States Magistrate Judge